**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO ROJO CRUZ, | No. 24-2789 |
| Petitioner, | Agency No. A201-147-841 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025**
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Gilberto Rojo Cruz, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252 and deny Rojo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cruz's petition for review.

Rojo Cruz intends to relocate his family—including his 14-year-old U.S. citizen son, B.—to Mexico upon his removal. Rojo Cruz argues the agency erred by concluding that he failed to demonstrate the requisite hardship for cancellation of removal.

To establish "extremely unusual hardship," an applicant must demonstrate a qualifying relative would suffer hardship that is "out of the ordinary and extremely uncommon;" in other words, the hardship "must deviate, in the extreme, from the norm." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) (citing *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024)). "The agency must compare the hardship in a given case to the hardship that results in the usual and ordinary course when an alien is removed." *Id.* Whether a petitioner has demonstrated the "exceptional and extremely unusual hardship" required for cancellation of removal is a mixed question of law and fact which we review for "substantial evidence." *Id.* at 1002-03. Such review is deferential; we take administrative findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See id.*; 8 U.S.C. § 1252(b)(4)(B).

Here, substantial evidence supports the agency's conclusion that Rojo Cruz failed to demonstrate his removal would result in exceptional and extremely unusual hardship to his son. Contrary to Rojo Cruz's assertion that the agency failed to

consider relevant evidence, the agency reviewed the relevant evidence and hardship factors in the aggregate and individually. The record included multiple pieces of evidence about B.'s health and educational needs, including letters Rojo Cruz provided from clinicians and Rojo Cruz's own testimony about his son's mental health and educational needs. The IJ mentioned the numerous materials Rojo Cruz provided in support of his application and commented on "specific portions" of the record. The BIA also discussed the record evidence. The agency was not required to specifically discuss every piece of evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010).[1]

Furthermore, the record does not support Rojo Cruz's assertion that the IJ mischaracterized a treatment provider's 2019 letter as lacking information about how B. would be impacted if Rojo Cruz were removed to Mexico, and that the IJ failed to make "findings with regard to the availability and accessibility of special education services or medication in Mexico." While the IJ did not specifically discuss the availability of special education in Mexico, the IJ accurately noted that

---

[1] In his opening brief, Rojo Cruz claims the IJ "overlooked entirely" a letter dated November 3, 2017, in which a clinician states Rojo Cruz's son "continu[es] to work on . . . his stress and anxiety." Before the BIA, Rojo Cruz argued the IJ had considered a clinician's letter dated January 3, 2018—in which the clinician discussed the same issue—but that the IJ failed to give the evidence proper weight. To the extent that Rojo Cruz raises an argument that the IJ wholly excluded the November 3, 2017 letter regarding the son's anxiety, he appears to have failed to exhaust the issue before the agency.

the letter offered to support Rojo Cruz's claim of hardship did not address how B. would be impacted if Rojo Cruz were removed. The IJ also observed that Rojo Cruz did not have a "particular explanation" for his son's school attendance issues and concluded that his educational deficits were not severe. The BIA affirmed these findings.

Rojo Cruz argues that the BIA erred by making "factual findings" regarding B.'s education and medication in violation of the applicable regulations. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (stating that "the Board will not engage in factfinding in the course of deciding cases"). The BIA did not make improper factual findings. Instead, in response to Rojo Cruz's argument on appeal, the BIA observed that Rojo Cruz testified that the educational services and medication his son receives in the United States might cost more in Mexico, but that he did not present any evidence showing that he would be unable to reasonably find means to pay for those services.

**PETITION DENIED**.